IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                             No. 1:09-cr-10004-JDB-1

BRATLEY DESHAWN MCNEAL,

    Defendant.

---

ORDER DENYING RELIEF UNDER *JOHNSON V. UNITED STATES*,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is the April 25, 2016, motion of the Defendant, Bratley Deshawn McNeal, for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket Entry ("D.E.") 68.) For the following reasons, the request is DENIED.

BACKGROUND

On January 20, 2009, a federal grand jury returned a three-count indictment charging McNeal with being a felon in possession of a firearm in violation of 18 U.S.C § 922(g), possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(2). (D.E. 1.) He entered a guilty plea to all counts on March 30, 2010, (D.E. 45) and received a total effective sentence of 120 months' incarceration and four years of supervised release (D.E. 53).

DISCUSSION

The inmate asserts that his conviction under § 924(c)(1) should be set aside under *Johnson*, in which the United States Supreme Court held the residual clause of the Armed Career Criminal

Act, 18 U.S.C. § 924(e), unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2557. This Court understands McNeal's argument to be that § 924(c)(3)(B)'s definition of a crime of violence is likewise void for vagueness.[1]

However, *Johnson* is irrelevant to Defendant's § 924(c) conviction. Even if the ruling called into question the statute's definition of a crime of violence, McNeal was not convicted of possession of a firearm during and in relation to a *crime of violence*. Rather, he was convicted of possession of a firearm during and in relation to a *drug trafficking offense*, to which § 924(c)'s crime of violence definition does not apply. *See, e.g.*, *Rosado-Jaime v. United States*, Nos. 2:09-CR-88-JRG-1, 2:16-CV-179-JRG, 2017 WL 1026486, at *2 (E.D. Tenn. Mar. 15, 2017) (denying *Johnson* relief where prisoner's § 924(c) conviction was for "possessing a firearm in furtherance of a drug trafficking crime, not crime of violence"). Thus, Defendant's motion is devoid of merit.

## APPEAL ISSUES

McNeal's request for relief is in the nature of a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[1] Under § 924(c)(3)(B), a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

> If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'

*Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny relief under *Johnson*. Because any appeal by the Defendant does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

Here, for the same reason the Court denies a COA, it hereby CERTIFIES, in accordance with Rule 24(a), that an appeal of its denial of *Johnson* relief would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 15th day of October 2018.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE